[Cite as *Masjid Omar Ibn Khattab Mosque v. Salim*, 2020-Ohio-4894.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Masjid Omar Ibn Khattab Mosque, | : | |
| Plaintiff-Appellant, | : | No. 19AP-632 |
| v. | : | (C.P.C. No. 11CV-14615) |
| Hamid Salim et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

JUDGMENT ENTRY

Plaintiff-appellant, Masjid Omar Ibn Khattab Mosque, appeals the August 23, 2019 decision of the Franklin County Court of Common Pleas denying its third motion to reactivate case and fifth motion for immediate release of funds deposited, and asserts three assignments of error.

On review, we conclude that as a result of this court's decision in *Masjid Omar Ibn El Khattab Mosque v. Salim*, 10th Dist. No. 12AP-807, 2013-Ohio-2746, and the Supreme Court of Ohio's judgment in *State ex rel. Yost v. Omar Ibn El Khattab Mosque, Inc.*, 156 Ohio St.3d 523, 2019-Ohio-1958, the court lacks jurisdiction to continue holding funds on deposit. Accordingly, we ORDER that all funds placed on deposit with the Franklin County Clerk of Courts pursuant to the trial court's Agreed Entry to Interplead Funds filed March 2, 2012 are to be released to appellant Masjid Omar Ibn Khattab Mosque.

We further conclude that pursuant to *Yost*, both the trial court and this court lack subject-matter jurisdiction to determine any further issues. Accordingly, we ORDER that this cause shall be, and hereby is, dismissed. Appellees shall pay any appellate court costs associated with this appeal.

BEATTY BLUNT, & BRUNNER, JJ., concur.
DORRIAN, J. dissenting with opinion.


/S/ JUDGE
Judge Laurel Beatty Blunt

DORRIAN, J., dissenting.

I respectfully dissent from the majority. I believe the law of the case doctrine required the trial court, pursuant to our decision in *Masjid Omar Ibn El Khattab Mosque v. Salim*, 10th Dist. No. 12AP-807, 2013-Ohio-2746, and the Supreme Court of Ohio's decision in *State ex rel. Yost v. Omar Ibn El Khattab Mosque, Inc.,* 156 Ohio St.3d 523, 2019-Ohio-1958, to deny the motion to reactivate the case and the motion to release the funds held by the clerk in escrow. Therefore, I would affirm.

In *Salim*, we stated: "The clerk of courts cannot hold the funds indefinitely. *Once a judgment in quo warranto is obtained*, the prevailing side must be able to file a motion with the trial court requesting an order awarding the interpleaded funds to it. Alternatively, if the parties settle their dispute, they must be able to approach the court with an agreed entry regarding the disposition of the funds." (Emphasis added.) *Id.* at ¶ 29. Thus, we outlined the two alternatives by which the parties could request an order to release the funds: (1) obtain a judgment in quo warranto, or (2) settle the dispute and by agreement request the same. Neither scenario has happened. No party has obtained a judgment in quo warranto and the parties have not settled their dispute. Furthermore, in *Yost* the Supreme Court stated: "the money remains frozen because a proper lawsuit to resolve the dispute has yet to be filed." *Id.* at ¶ 33. The Supreme Court further stated: "[t]he *only way* to resolve this dispute once and for all is for the attorney general to commence a proper quo warranto action to oust one faction or the other." (Emphasis added.) *Id.* at ¶ 35. Accordingly, I would affirm the judgment of the trial court, and I would invite the parties to utilize this court's mediation services to pursue an agreed entry regarding release of the funds. In the absence of an agreed entry, I believe the only alternative is a proper quo warranto action.